UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: SPRINT PREMIUM DATA PLAN MARKETING AND SALES PRACTICES LITIGATION | Civil Action No. ~~10-cv-6334~~ *11-2855* (SDW)(MCA)<br><br>OPINION<br><br>September 4, 2013 |

**WIGENTON**, District Judge.

Before this Court is Defendant Sprint Spectrum L.P.'s motion to compel bilateral arbitration and dismiss or stay all actions pursuant the Federal Arbitration Act, Federal Rule of Civil Procedure 12(b)(1), and 12(b)(6). This Court, having considered the parties' supplemental submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendants' motion to compel arbitration.

**I. FACTUAL and PROCEDURAL BACKGROUND**

Given the extensive procedural history of this case, only a brief recitation of the facts and procedural posture is provided. This case involves Plaintiffs Cameron Comstock, Arlene Baisa Lockhart, Shalimar Guerra, Gene Lockhart, Matt Tillman, Scott Tallal, and Craig Morris, (collectively "Plaintiffs") and their grievances against Defendant Sprint Spectrum L.P. ("Sprint"). On July 15, 2011, Sprint moved to compel arbitration with Plaintiffs. (*See* Dkt. No. 37.) On March 12, 2012, this Court entered an opinion and order finding that Plaintiffs' claims were subject to arbitration and that the arbitration agreement ("Arbitration Agreement") was valid in almost every respect save for the issue of unconscionability. (*See* Dkt. No. 47-48.) The parties were ordered to engage in limited discovery to permit this Court to determine whether the Arbitration Agreement, was substantively unconscionable due to prohibitive costs. (*See id.*)

Having completed their limited discovery in compliance with this Court's March 12, 2012 order, the parties now return for this Court's determination of the validity of the Arbitration Agreement.

## II. LEGAL STANDARD

"The final phrase of § 2 [of the Federal Arbitration Act ("FAA")] . . . permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) ("*Concepcion*"). "This saving clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* For an agreement to be unconscionable, it must be found to be both procedurally and substantively unconscionable. *See Antkowiak v. Tax Masters*, 455 Fed. App'x. 156, 159 (3d Cir. 2011). "In addressing a claim that an arbitration clause is unconscionable, we apply the ordinary state law principles . . . of the involved state or territory."[1] *Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 200 (3d Cir. 2010).

This Court previously found that it was not clear under California law whether the Arbitration Agreement was procedurally unconscionable. Consequently, this Court turned to the issue of substantive unconscionability to determine the validity of the Arbitration Agreement. Despite the rule enunciated in *Nino*, the issue of substantive unconscionability in this case is governed by federal law given the language in the Arbitration Agreement.[2] *See Parada v. Superior Court*, 176 Cal. App. 4th 1554, 1577 (Cal. Ct. App. 2009) (stating that, in that case, determination of substantive unconscionability was governed by California pursuant to the language of the arbitration agreement).

---

[1] This Court will focus on California law since only California Plaintiffs remain in this case. (*See* Dkt. Nos. 76, 87.)
[2] The Arbitration Agreement states that the FAA governs the arbitration provision and "all questions of whether a dispute is subject to arbitration." (Dkt. No. 37-6, Decl. of Stephanie Miller ("Miller Decl.") Ex. A, p. 12.)

2

i. *Substantive Unconscionability*

Concerning substantive unconscionability, there are two cases that provide controlling law. The first case that is instructive on substantive unconscionability is *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79 (2000). In *Green Tree* the Court held that an arbitration agreement that did not have a specific provision regarding costs would be unenforceable under the FAA if it made arbitration "prohibitively expensive." *Green Tree Fin. Corp.*, 531 U.S. at 92. The Court further stated that the party opposing arbitration was responsible for showing the likelihood of costs being "prohibitive." *Id.*

Unlike the agreement in *Green Tree*, here the Arbitration Agreement is not silent as to arbitration costs. Instead, the Arbitration Agreement contains a clear fee-splitting provision. (Miller Decl. Ex. A, p. 12.) The Arbitration Agreement states that the parties are jointly responsible for arbitration costs; however, Sprint agrees to cover arbitration administrative and filing fees in excess of $25 if the customer is seeking to recover less than $1000, or the cost of court filing fees in the applicable jurisdiction if the claim is for more than $1000. (*See id.*)

The second instructive case on the issue of substantive unconscionability is *Blair v. Scott*, 283 F.3d 595 (3d Cir. 2002). In *Blair*, the Third Circuit addressed fee-splitting provisions in light of *Green Tree*. The *Blair* court stated that the presence of fee-splitting alone is not enough to make an arbitration agreement unconscionable. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 610 (3d Cir. 2002). The Third Circuit further stated that for it to hold the mere existence of a fee-splitting provision to be per se unconscionable "would run counter to the strong federal preference for arbitration and the liberal policy regarding arbitration." *Id.*

*Blair* established a test to determine whether a fee-splitting provision is prohibitive under *Green Tree*. The test consisted of two separate parts. First, a court must look at the projected costs that would apply according to the arbitration rules set forth in the agreement. *See Blair*, 283 F.3d at

607-08. Second, a court must look at the individual plaintiff's ability to pay the projected costs. *See id.*; *Antkowiak*, 455 Fed. App'x at 160 (applying the same test). It is Plaintiffs' responsibility to make a showing as to both factors. *See Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 285 (3d Cir. 2004). The *Blair* test is based on the original *Green Tree* standard. *See Green Tree Fin. Corp.*, 531 U.S. 607-08.

### III. DISCUSSION

#### a. Projected Costs

Regarding projected costs, Plaintiffs argue that the costs of individual arbitration would be prohibitive because: (1) "Sprint's failure to specify arbitral rules or a method for the selection of [an] arbitrator causes increased costs," (2) "data on the administrative costs of arbitration under Sprint's agreement shows that those costs always exceed the amount in controversy," (3) "the use of experts in similar individual arbitrations shows that Plaintiffs would likely incur substantial expert costs that [can] not be recovered," and (4) Plaintiffs would incur substantial and prohibitive expenses for attorneys' fees and costs in arbitration. (*See* Dkt. No. 110, Pls.' Br. 1.)

Regarding Plaintiffs' first point, Plaintiffs state that "Sprint's failure to specify arbitral rules in advance imposes additional layers of cost and delay on the arbitration process, requiring court action – and the attendant [expenses] . . . [to secure an arbitrator]." (*See id.* 2.) To support their argument, Plaintiffs refer to evidence demonstrating that since 2010, twelve Sprint subscribers have attempted to initiate individual arbitration with Sprint, but seven out of the twelve withdrew their arbitration demands. (*See id.*) (citing Dkt. No. 109-1, Revised Supplemental Decl. of Scott A. Bursor ("Revised Bursor Decl.") ¶ 22.) Of the five remaining arbitration demands, court action was required for the appointment of an arbitrator in at least three. (*See id.*) Plaintiffs highlight that the filing fee in federal court is $350.[3] (*See* Revised Bursor Decl. ¶ 30.)

---

[3] This Court notes that the filing fee is currently $400.

4

This Court finds Plaintiffs' argument unpersuasive. Plaintiffs' argument is misleading because it presumes that court action will be required to choose an arbitrator if they proceeded with individual arbitration against Sprint. The pertinent portion of the Arbitration Agreement states:

> Unless we each agree otherwise, the Arbitration will be conducted by a single neutral arbitrator and will take place in the county of the last billing address of the Device. We will agree on the arbitrator, and if we cannot agree, then the arbitrator will be appointed by the court as provided by the FAA.

(Miller Decl. Ex. A, at 12.) Plaintiffs' reference to the three instances in which court action was required to choose an arbitrator does not establish the filing fee in federal court as a projected cost. Instead, it shows that there is a possibility that court action and thereby a filing fee **may** be required in selecting an arbitrator. Notably, Sprint has provided documents showing that it has the practice and policy of paying for arbitral costs when customers seek individual arbitration. (*See* Dkt. No. 95 Decl. of Pamela E. Benton ("Benton Decl.") ¶ 3.) Therefore, Plaintiffs' first assertion of projected costs pertaining to the logistics of the arbitral process is insufficient.

Regarding Plaintiffs' second point, that costs of arbitration would exceed the amount in controversy, this argument is misplaced as it does not set forth any projected costs. Plaintiffs repeat this argument for the second part of the *Blair* test. Therefore, this Court addresses the merits of Plaintiffs' argument infra section III (b).

Regarding Plaintiffs' third point, Plaintiffs argue that they will incur substantial expert fees that they will not be able to recover. Plaintiffs are unable to provide any evidence pertaining to arbitrations between Sprint and its customers. As a result, Plaintiffs refer to seven arbitrations between AT&T and its subscribers, but primarily rely on one particular arbitration ("AT&T Arbitration"). Plaintiffs contend that the AT&T Arbitration is similar to theirs in that the Plaintiff in the AT&T Arbitration was also challenging data charges. (*See* Revised Bursor Decl. ¶4.) Plaintiffs opine that since expert testimony was required in the AT&T Arbitration, the same would be required for arbitration against Sprint. (*See id.*) Plaintiffs state that the expert fees in the AT&T Arbitration,

5

which totaled $100,040.61, would be similar if Plaintiffs were to seek individual arbitration against Sprint. (*See id.* ¶ 6.) Sprint counters Plaintiffs' argument with a more detailed comparison of the AT&T Arbitration and this case. (*See* Dkt. No. 94 Ex. A.) Sprint clarifies that the claims in the AT&T Arbitration involved overstatement of the amount of actual data used by the AT&T subscriber, charges for data transactions not linked to usage by the subscriber, and the accuracy of AT&T's billing system in reflecting the details of data usage. (*See id.* 1-4.) Sprint argues that given the differences in the nature of the claims in the AT&T Arbitration and those at issue here, the existence of and amount of expert fees in the AT&T arbitration are not comparable to this case.

Plaintiffs also rely on the AT&T Arbitration to argue that their attorneys' fees and expenses would exceed those in the AT&T Arbitration. (*See id.* ¶¶ 9, 18-20.) Plaintiffs' explanation, however, is conclusory. (*See* Revised Bursor Decl. ¶ 20)(stating that based on Scott Bursor's experience individual arbitration by Plaintiffs against Sprint would exceed the attorneys' fees and expenses in the AT&T Arbitration.) Without more, Plaintiffs have failed to sufficiently demonstrate that the attorneys' fees and expenses in the AT&T arbitration are a fair representation of projected attorneys' fees and expenses for arbitration against Sprint.

b. *Ability to Pay*

Despite complying with this Court's March 12, 2012 order requiring Plaintiffs to submit an affidavit detailing their financial information, Plaintiffs argue that their finances should not be the focus of this Court's analysis. (*See* Pls.' Br. 7) (citing *Green Tree*). Instead, Plaintiffs argue that this Court should focus on their ability to effectively vindicate their claims through individual arbitration. (*See id.*) Plaintiffs argue that the high costs associated with pursuing individual arbitration with Sprint preclude them from effectively vindicating their claims. (*See* Dkt. No. 113, Letter Br. 2.) Additionally, Plaintiffs argue that they cannot effectively vindicate their claims against Sprint because the arbitral costs will be greater than the best possible recovery. (*See* Pls.' Br. 8.) In

making these arguments, Plaintiffs have invoked the effective vindication exception to enforcing arbitration agreements. The effective vindication exception reflects the Supreme Court's "willingness to invalidate, on 'public policy' grounds, arbitration agreements that 'operat[e] . . . as a prospective waiver of a party's right to pursue statutory remedies.'" *American Express Co. v. Italian Colors Restaurant*, 133 S.Ct. 2304, 2310 (2013) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637, n. 19 (1985). "The exception finds its origin in the desire to prevent 'prospective waiver of a party's *right to pursue* statutory remedies[.]'" *Id.* (quoting *Mitsubishi Motors Corp.*, 473 U.S. at 637, n.19) (emphasis added).

Here, Plaintiffs' arguments fail for two reasons. First, regarding Plaintiff's argument concerning access to the arbitral forum, as previously mentioned, Sprint has proffered evidence demonstrating that it has the practice and policy of paying for arbitral costs when customers seek individual arbitration. (*See* Benton Decl. ¶ 3.) Therefore, Plaintiffs' ability to pursue their statutory remedies through arbitration would not be hindered. Next, Plaintiffs' second argument has already been addressed by our highest court. The Supreme Court clarified in *Italian Colors* that "the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy." *American Express Co.*, 133 S.Ct. at 2311 (emphasis added). Accordingly, Plaintiffs' effective vindication arguments are unavailing.

Given Plaintiffs' inability to prove substantive unconscionability, this Court finds that Sprint's Arbitration Agreement is enforceable.

IV. **CONCLUSION**

For the foregoing reasons, this Court **GRANTS** Defendants' motion to compel arbitration.

s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc: Madeline Cox Arleo, U.S.M.J.
Parties